PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CALVIN KUYKENDOLL, | ) | |
| | ) | CASE NO. 4:15CV1520 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FCI ELKTON, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 3] |

*Pro se* Plaintiff Calvin Kuykendoll filed this action against FCI Elkton. In the Complaint (ECF No. 1), Plaintiff disputes the increase in his security classification and either his subsequent transfer to another facility or the denial of his request for transfer to another facility. He asks that the decision on his Form 409 be rescinded and the information pertaining to the Form 409 in his prisoner file be removed.

**I. Background**

Plaintiff's Complaint (ECF No. 1) contains very few facts and is difficult to decipher. Plaintiff indicates he received a custody classification change and was either transferred to a more restrictive prison environment or was denied transfer to a less restrictive environment. ECF No. 1 at PageID #: 5-6. He indicates this custody classification appeared on his records to be disciplinary in nature. Plaintiff alleges transfer was not a sanction imposed by the Disciplinary Hearing Officer. He asked prison personnel to correct or delete that portion of his record but they refused. ECF No. 1 at PageID #: 5.

(4:15CV1520)

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. Neitzke, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). See also Lawler, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." Id. (citation omitted). The court is "not bound to

2

(4:15CV1520)

accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. Law and Analysis

As an initial matter, Plaintiff does not specify a particular cause of action he is attempting to assert. He, however, mentions "PRIVACY ACT VIOLATIONS" and "[P]rivacy [A]ct correction/amendment requested." ECF No. 1 at PageID #: 8. To the extent Plaintiff is attempting to obtain relief under § 552a(d) of the Privacy Act, which provides an individual the right to request amendment of inaccurate information in certain government records which pertain to the individual, his claim is without merit. Bureau of Prisons Inmate Records systems are exempt from this requirement. 5 U.S.C. § 552a(j)(2); 28 C.F.R. §16.97. Plaintiff, therefore, cannot maintain a cause of action under this provision.

(4:15CV1520)

To the extent Plaintiff is attempting to assert a civil rights claim against FCI Elkton for the increase in his security classification or transfer, it is without merit. A *Bivens*[1] claim cannot be brought against a federal agency, like the Bureau of Prisons ("BOP"), or FCI Elkton, which is operated by the BOP. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Okoro v. Scibana*, 63 Fed.Appx. 182, 184 (6th Cir. 2003) (stating that a federal prisoner can not bring a *Bivens* action against the BOP).

Even if a *Bivens* claim could be brought against FCI Elkton, Plaintiff has no constitutional right to be incarcerated in a particular prison or to be held under a specific security classification. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Cash v. Reno*, No. 97-5220, 1997 WL 809982, at *1 (6th Cir. Dec. 23, 1997). Any claims he may be attempting to assert regarding denial of a right to a certain custody classification or assignment to a prison or part of a prison is also without merit.

Finally, to the extent Plaintiff is attempting to assert some other claim, he failed to state a claim upon which relief may be granted. To meet basic federal notice pleading requirements in Fed. R. Civ. P. 8, the complaint must give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's Complaint (ECF No. 1) does not allege sufficient facts to determine precisely what occurred and does not contain a stated legal claim for relief. Thus, it does not meet the basic pleading requirements.

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

4

(4:15CV1520)

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). Plaintiff's pending Motion for Extension of Time (ECF No. 3) is denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Calvin Kuykendoll, #13121-424, USP Leavenworth, U.S. Penitentiary, P.O. Box 1000, Leavenworth, KS 66048.


    IT IS SO ORDERED.


| January 25, 2016 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |